UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

                         Plaintiff,

        v.

STEPHEN SINCLAIR, *et al*.,

                         Defendants.

CASE NO. C19-1584-BJR-MLP

REPORT AND RECOMMENDATION

        Plaintiff James Williams is a Washington State prisoner who is currently confined in the Special Offender Unit ("SOU") at the Monroe Correctional Complex ("MCC"). He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*. (*See* Dkt. ## 4, 4-1.) Plaintiff alleges in his complaint violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments, and under the Americans with Disabilities Act, primarily relating to decisions by Washington Department of Corrections ("DOC") staff members at MCC and the Washington State Penitentiary ("WSP") to authorize the involuntary medication of Plaintiff with anti-psychotic drugs. (*See* Dkt. # 4-1.)

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff claims that Defendants authorized the involuntary medication despite their knowledge that Plaintiff is allergic to all anti-psychotic medications and despite the fact that the administration of anti-psychotics is an inappropriate way to address Plaintiff's behavioral issues. (*See id*. at 164, 167-77.) Plaintiff's claims pertaining to the involuntary medication decisions relate to events that occurred at MCC in January and November 2018, and from May 7 to September 15, 2019, and at WSP in April 2019. (*See id*.) Plaintiff also alleges in his complaint that he was assaulted by Defendants as they attempted to restrain him in January 2018 at MCC. (*Id*. at 165-66.) Finally, Plaintiff alleges that Defendants improperly prescribed other medications in an attempt to address his mental health issues, including Elavil, Seconal, and Valium. (*Id*. at 177-79.)

Plaintiff identifies thirty-nine Defendants in his complaint, including DOC officials, medical providers at both MCC and WSP, and members of the corrections staffs at both MCC and WSP. (*See id*. at 11-14.) Plaintiff seeks injunctive relief and damages. (*Id*. at 9.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. A review of Plaintiff's litigation activities in this District reveals that Plaintiff has accumulated multiple "strikes" under § 1915(g) over the years. Plaintiff has brought at least three cases that were dismissed for failure to state a claim. *See Williams v. Portine*, Case No. C11-1214-JCC; *Williams v. Neely, et al.*, Case. No. C15-489-BJR; *Williams v. Collins*, *et al*., C15-735-MJP. In addition, Plaintiff has brought at least three cases that were dismissed for failure to

1   obey a court order after Plaintiff failed to amend deficient complaints and was warned that the

2   failure to do so could result in dismissal of the complaints under § 1915. *See Williams v. Warner*,

3   C17-5615-BHS; *Williams v. Gage, et al.*, C17-6076-RBL; *Williams v. Cogburn, et al.*, C17-

4   6077-BHS. These dismissals also arguably count as strikes under Ninth Circuit precedent. *See*

5   *Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

6       Because Plaintiff has accumulated at least three strikes, he may not proceed with this

7   action without prepayment of the full filing fee unless he shows that he was "under imminent

8   danger of serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g);

9   *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time

10   of the filing of the complaint that matters for purposes of the 'imminent danger' exception to §

11   1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "'ready

12   to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056 (internal citations

13   omitted).

14       Plaintiff does not specifically assert in his complaint that he is in imminent danger of

15   serious physical injury, and the facts alleged by Plaintiff do not suggest that any such danger

16   existed at the time he filed this case. As explained above, Plaintiff's claims relate primarily to

17   decisions to involuntarily medicate him with anti-psychotic drugs. Though Plaintiff asserts

18   throughout his complaint that he is allergic to all anti-psychotic medications, such assertions are

19   wholly conclusory and are undermined by exhibits submitted by Plaintiff in support of his

20   complaint which reflect that Plaintiff's self-reports of allergies to anti-psychotic medications

21   have never been supported by any actual evidence. (*See* Dkt. # 5 at 85-86, 92-95.) There is

22   simply nothing in the record demonstrating that application of the imminent danger exception to

23

REPORT AND RECOMMENDATION
PAGE - 3

the § 1915(g) bar is appropriate in this case. This Court therefore concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Accordingly, this Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied. This Court further recommends that Plaintiff be directed to pay the filing fee within **thirty (30) days** of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on.

DATED this 12th day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4