UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

    Plaintiff,

v.

STEPHEN SINCLAIR, *et al.*,

    Defendants.

Case No. C19-1584-BJR

ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING PLAINTIFF TO PAY FILING FEE

Present before the Court is the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge. The Court has reviewed the complaint, the R&R, Plaintiff Williams' objection (Dkt. No. 7), and the remaining record. The R&R recommends that Williams be denied *in forma pauperis* status because he is ineligible for it as a "three-strike" litigant. This refers to the law that a prisoner "[i]n no event" can file *in forma pauperis* when he or she has on three or more prior occasions filed civil suits in the jurisdiction that were dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted, absent imminent danger or physical injury. 28 U.S.C. § 1915(f). In his filed objections

to the R&R, Williams does not object to or dispute the R&R's conclusion that he is ineligible for *in forma pauperis* status, and instead focused on other matters.

When a party files specific and properly filed written objections to an R&R, the district court must review the Magistrate Judge's findings *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). A general objection to the entirety of a magistrate's report "has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991). The court in *Howard* explained further that when no specific objection is made,

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

Here, since there is no objection to or dispute about the R&R's finding that Williams is ineligible to file *in forma pauperis*, the Court will adopt the R&R, which is focused specifically on that issue. This does not address merits of Williams sustaining his suit as he can still pursue his case after paying the necessary filing fee.

The Court hereby ORDERS as follows:

(1) The Report and Recommendation (Dkt. No. 6) is approved and adopted.

(2) Plaintiff's application to proceed with this action *in forma pauperis* (Dkt. # 4) is DENIED.

(3) Plaintiff is directed to pay the $400 filing fee within ***thirty (30) days*** of the date on which this Order is signed. Failure to timely submit the requisite filing fee will result in immediate termination of this action.

(4) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Michelle L. Peterson.

DATED this 12th day of December, 2019.

*[signature]*
BARBARA J. ROTHSTEIN
United States District Judge

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED *IN FORMA PAUPERIS* - 3